UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JANE DOE, an individual, | )<br>) |
| Plaintiff, | ) Case No.<br>) |
| | ) Hon.<br>) |
| KYLE THOMAS HARVEY, an individual, | ) JURY DEMANDED<br>) |
| Defendant. | ) |

## COMPLAINT

Plaintiff, JANE DOE ("Plaintiff"), by and through her undersigned counsel, and for her Complaint ("Complaint") against Defendant KYLE THOMAS HARVEY ("Harvey"), , respectfully states as follows:

## THE PARTIES

1. Plaintiff is an individual that now, and at all times pertinent hereto, is an Illinois citizen residing in Chicago, Illinois. Plaintiff is suing under a pseudonym to protect her identity.

2. Harvey is an individual currently believed to a California citizen residing in Los Angeles, California.

## JURISDICTION AND VENUE

3. This Court has original jurisdiction over this case pursuant to 28 U.S.C. § 1332 because there is complete diversity between the parties and the amount in controversy exceeds $75,000.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because the events giving rise to this action occurred in Chicago, Illinois.

## ALLEGATIONS COMMON TO ALL COUNTS

5. Plaintiff is a young woman who was born and raised in the Chicagoland area.

6. Harvey, known professionally as "SuperDuperKyle," is a California-based DJ, rapper, singer, songwriter, and actor.

7. On or about November 3, 2019, Harvey was performing as SuperDuperKyle at Bounce Sporting Club ("Bounce") in Chicago.

8. Plaintiff and a female friend were at Bounce that evening and saw Harvey's performance.

9. After his performance, Harvey and his associates, including his security team, remained at Bounce and ordered bottle service at a table in Bounce.

10. Plaintiff and her female friend were invited to join Harvey and his associates at Harvey's table.

11. Plaintiff and her friend accepted the invitation and joined Harvey and his associates at his table, where they proceeded to drink alcohol with Harvey for approximately two hours.

12. Subsequently, Harvey and his associates asked Plaintiff and her friend if they wanted to go with them to an "after-party."

13. Plaintiff and her friend agreed to go with Harvey and his associates to the after-party, so they all left Bounce together and got into a waiting SUV, which took them to the Hotel Thompson in Chicago.

14. When they arrived at the Hotel Thompson, Harvey's security team escorted Plaintiff's friend to one hotel room, while Harvey took Plaintiff to another hotel room. Plaintiff accompanied Harvey because she believed that the hotel room was the location of the after-party. It was not.

15. Once Plaintiff was in Harvey's hotel room, he pushed her onto the bed, climbed on top of her and began undressing her. Plaintiff was scared, told him to stop, and was crying. Despite

this, Harvey remained on top of Plaintiff and proceeded to have non-consensual sex with her. Harvey subsequently took Plaintiff into the bathroom and forced her into the shower with him.

16. After forcing Plaintiff to shower with him, Harvey allowed Plaintiff to get dressed and he then took her to the other hotel room where his security team and Plaintiff's friend were waiting. When Harvey and his security team went into the bathroom to smoke marijuana, Plaintiff and her friend were able to leave the hotel room. Once Plaintiff and her friend were safely on the elevator, Plaintiff, who was visibly upset, told her friend that Harvey had raped her.

17. Two days later, Plaintiff's mother saw that she had bruises all over her body and when she asked her what happened, Plaintiff told her mother she had been raped by Harvey. Plaintiff and her mother subsequently went to the hospital where Plaintiff was tested for sexually transmitted diseases. Fortunately, the tests came back negative.

18. On November 11, 2019, Plaintiff messaged Harvey on Instagram regarding what happened in the hotel room on November 3, 2019. In the message, Plaintiff told Harvey that he took advantage of her and raped her against her will. On November 12, 2019, Harvey responded to Plaintiff's Instagram message with a message stating the Plaintiff's message was "concerning" to him and asked to speak with her on the phone. Plaintiff responded to Harvey to let him know she did not feel comfortable talking to him over the phone. Harvey did not respond to this message. A screen shot of this exchange between Plaintiff and Harvey is below:



19. In November 2020, Plaintiff filed a police report with the Chicago Police Department accusing Harvey of rape. Plaintiff had not done so previously because doing so required her not only to relive the trauma and shame of the events of November 3, 2019, but to discuss them, in detail, with a complete stranger, *i. e.* the police officer.

20. As a result of the Harvey's actions, Plaintiff suffers from physical, emotional and psychological injuries.

## COUNT I – SEXUAL BATTERY

21. Plaintiff restates and realleges allegations contained in paragraphs 1 through 20, as if fully set forth herein.

22. Harvey intended to and did commit battery and used excessive force upon Plaintiff by intentionally initiating offensive, harmful and unreasonable bodily contact with Plaintiff.

23. Plaintiff did not consent to Harvey's conduct.

24. As a result of Harvey's battery, Plaintiff suffered physical and emotional injuries, as well as pain and suffering.

25. Harvey's actions proximately caused the injuries suffered by Plaintiff.

26. Harvey's acts were intentional, done with malice, and/or showed a deliberate, willful, wanton, and reckless indifference to Plaintiff's rights, for which she is entitled to an award of punitive damages.

WHEREFORE, Plaintiff respectfully requests the Court to enter judgment in favor of Plaintiff and against Harvey in an amount to be determined, consisting of compensatory and punitive damages, Plaintiff's costs and attorneys' fees, and such other and further relief the Court deems appropriate under the circumstances.

## COUNT II – ASSAULT

27. Plaintiff restates and realleges the allegations contained in paragraphs 1 through 20, as fully set forth herein.

28. Harvey committed an assault upon Plaintiff, by intentionally undertaking physical conduct that unjustifiably placed Plaintiff in imminent apprehension of harmful contact that was offensive and unreasonable.

29. Plaintiff did not consent to Harvey's conduct.

30. As a result of Harvey's conduct, Plaintiff suffered physical and emotional injuries, as well as pain and suffering.

31. Harvey's actions proximately caused the injuries suffered by Plaintiff.

32. Harvey's acts were intentional, done with malice, and/or showed a deliberate, willful, wanton, and reckless indifference to Plaintiff's rights, for which she is entitled to an award of punitive damages.

WHEREFORE, Plaintiff respectfully requests the Court to enter judgment in favor of Plaintiff and against Harvey in an amount to be determined, consisting of compensatory and punitive damages, Plaintiff's costs and attorneys' fees, and such other and further relief the Court deems appropriate under the circumstances.

## COUNT III – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

33. Plaintiff restates and realleges the allegations contained in paragraphs 1 through 20, as if fully set forth herein.

34. Harvey physically restrained, confined and sexually assaulted Plaintiff.

35. Harvey deliberately caused Plaintiff to fear for her health, safety, and well-being.

36. Harvey's conduct was so extreme and outrageous that it went beyond all possible bounds of decency.

37. Harvey's conduct was done in reckless disregard of the probability that Plaintiff would suffer emotional distress.

38. Harvey's actions actually and proximately caused Plaintiff to suffer extreme emotional pain and suffering.

39. Harvey's acts were intentional, done with malice, and/or showed a deliberate, willful, wanton, and reckless indifference to Plaintiff's rights, for which she is entitled to an award of punitive damages.

WHEREFORE, Plaintiff respectfully requests the Court to enter judgment in favor of Plaintiff and against Harvey in an amount to be determined, consisting of compensatory and punitive damages, Plaintiff's costs and attorneys' fees, and such other and further relief the court deems appropriate under the circumstances.

## COUNT IV – FALSE IMPRISONMENT

40. Plaintiff restates and realleges the allegations contained in paragraphs 1 through 20, as if fully set forth herein.

41. Harvey unlawfully restrained Plaintiff in his hotel room through the use of physical force and intimidation.

42. By restraining Plaintiff in his hotel room and preventing her from leaving against her will, Harvey falsely imprisoned Plaintiff.

43. Plaintiff suffered physical and emotional injuries, as well as pain and suffering, as a result of Harvey's actions.

44. Harvey's actions proximately caused the injuries suffered by Plaintiff.

45. Harvey's acts were intentional, done with malice, and/or showed a deliberate, willful, wanton, and reckless indifference to Plaintiff's rights, for which she is entitled to an award of punitive damages.

WHEREFORE, Plaintiff respectfully requests the Court to enter judgment in favor of Plaintiff and against Harvey in an amount to be determined, consisting of compensatory and punitive damages, Plaintiff's costs and attorneys' fees, and such other and further relief the court deems appropriate under the circumstances.

## COUNT V – INVASION OF PRIVACY

46. Plaintiff restates and realleges the allegations contained in paragraphs 1 through 20, as if fully set forth herein.

47. Harvey's unwanted and offensive sexual contact with Plaintiff was an invasion of her physical solitude and privacy.

48. Plaintiff suffered emotional and psychological injuries as a result of Harvey's actions.

49. Harvey's actions proximately caused the injuries suffered by Plaintiff.

50. Harvey's acts were intentional, done with malice, and/or showed a deliberate, willful, wanton, and reckless indifference to Plaintiff's rights, for which she is entitled to an award of punitive damages.

WHEREFORE, Plaintiff respectfully requests the Court enter judgment in favor of Plaintiff and against Harvey in an amount to be determined, consisting of compensatory and punitive damages, Plaintiff's costs and attorneys' fees, and such other and further relief the court deems appropriate under the circumstances.

## COUNT VI – GENDER VIOLENCE ACT VIOLATION

51. Plaintiff restates and realleges the allegations contained in paragraphs 1 through 20, as if fully set forth herein.

52. At all times pertinent to the allegations contained in this Complaint, Illinois had in effect the Illinois' Gender Violence Act, 740 ILCS 82/1, *et seq.*

53. Harvey committed multiple acts of violence against Plaintiff that were committed on the basis of Plaintiff's gender.

54. Harvey's actions constituted a physical invasion of a sexual nature under coercive conditions.

55. Harvey's actions were a violation of Illinois' Gender Violence Act, 740 ILCS 82/1, *et seq.*

56. Plaintiff has suffered physical and emotional damages as a result of Harvey's actions.

57. Harvey's actions were the proximate cause of the damages suffered by Plaintiff.

58. Harvey's acts were intentional, done with malice, and/or showed a deliberate, willful, wanton, and reckless indifference to Plaintiff's rights, for which she is entitled to an award of punitive damages.

WHEREFORE, Plaintiff respectfully requests the Court to enter judgment in favor of Plaintiff and against Harvey in an amount to be determined, consisting of compensatory and punitive damages, Plaintiff's costs and attorneys' fees, and such other and further relief the court deems appropriate under the circumstances.

## **CONCLUSION**

WHEREFORE, Plaintiff requests the Court enter judgment in favor of Plaintiff on all counts in an amount to be proven at trial and awarding her all such other further relief the Court deems appropriate under the circumstances.

Dated: September 27, 2021            Respectfully submitted,

**GOLDSTEIN & MCCLINTOCK LLLP**

By:    /s/ *Daniel C. Curth*

Daniel C. Curth, Esq.
111 W. Washington Street, Suite 1221
Chicago, IL 60602
Telephone: (312) 337-7700
Facsimile: (312) 277-2310
danc@goldmclaw.com